## STATE COURT OF APPEALS—Continued

### No. 701
### STRACHAN v. COM. RAPID TRANSIT CO. et al

Ohio Appeals, 7th Dist., Mahoning County
Decided April, 1924

647. INSURANCE—1. Stipulation in insurance policy not contrary to law held binding.

2. Liability of insurance company cannot be enlarged by its action in taking charge of law-suit.

291. CONSTITUTIONAL LAW—A law enacted after the making of a contract held not to affect contract.

POLLOCK, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Strachan brought an action for personal injuries and property damage against the Rapid Transit Co. having its principal place of business at Akron, Ohio. He was struck by one of its trucks while he was operating his automobile at or near Akron. In February, 1921, he recovered a judgment against the Rapid Transit Co. for $16,200. Execution was returned "No property upon which to levy." He then brought an action against the Commercial Rapid Transit Co. and the Hartford Accident and Indemnity Co., alleging that the Hartford Co. had written insurance on the Commercial Transit Co. trucks, which was in force at the time of the accident. A judgment was rendered for the defendants. The Hartford Co. took charge of the defense of the original case, but later withdrew therefrom. The insurance policy provided that the Hartford Co. was to indemnify the insured for all sums paid out for judgments. Strachan prosecuted error, claiming the Indemnity Co. was liable while it claimed that inasmuch as the Transit Co. had not paid the judgment it, the Indemnity Co , owed nothing. In affirming the judgment of the lower cort, the Court of Appeals held:

1. As there was nothing unlawful or illegal in the provisions of the insurance policy requiring the insured to pay the judgment to the injured party before the Insurance Co. was to be liable, the failure of the insured to pay the same relieved the Insurance Co. from any liability in that regard.

2. The mere taking charge of the action by the Insurance Co. did not enlarge its liability or affect the contract limiting its liability.

3. Any law enacted by the state cannot apply to a contract entered into by the parties prior to the enactment of this law, if it changes either by enlarging or reducing the obligation in favor of one party and against the other; and therefore, the provisions of 9510-3 and 9510-4 GC. do not apply to the facts of this case, as these provisions were enacted subsequent to the making of the insurance contract.

Attorneys—Chas. Vaugh, for Strachan; Henderson & Barrett, Wilson, Hahn, Henderson & Wilson, and Austin, McKeehan, Merrick, Arter & Stewart, for Rapid Transit Co. et al; all of Youngstown.

## COMMON PLEAS
### No. 702
### ROCKWELL et al v. STATE

Common Pleas, Franklin County
No. 97655. July 16, 1924

685. JUSTICES PEACE—1. Have jurisdiction only to conduct preliminary hearings in criminal matters except in certain cases.

2. In Franklin Co. have no jurisdiction in criminol matters unless warrant charges that offense was commtited in the township of the justice.

ROGERS, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Rockwell and 13 others were tried, convicted and sentenced by one Kuhn, a Justice of the Peace of Marion township, for violation of the gambling statutes. The warrants that were sworn out before Kuhn did not allege that the offenses were committed in Marion township, but charged that they were committed in Franklin county. By consent one bill of exceptions was prepared for all the cases and error was prosecuted to the Common Pleas which held:

The statute confers no final jurisdiction in this kind of cases unless upon consent of the prisoner or upon a plea of guilty and in these cases neither of those two things occurred. If the magistrate had any jurisdiction at all, it was to conduct a preliminary examination only. As a final trial court the magistrate exceeded his jurisdiction and the cases must be reversed.

By 1558-55a GC. creating a Municipal Court of the City of Columbus no justice of the peace in Franklin county, other than Montgomery township, shall have jurisdiction unless the offense charged shall be alleged to have been committed within his township. Hence the magistrate under these warrants had nd jurisdiction. Judgment reversed and defendants discharged.

Attorneys—C. D. Saviers, for Rockwell et al; John R. King, Pros. Atty., and Roy E. Hughes, Asst. Pros. Atty., for State; all of Columbus.